UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————————

CHRISTOPHER EDDINGS,                )
a/k/a CHRISTOPHER EDDINS,           )
# 413755,                           )
                                    )
                  Plaintiff,        )        Case No. 1:16-cv-532
                                    )
v.                                  )        Honorable Robert J. Jonker
                                    )
ROBERT WARD,                        )
                                    )
                  Defendant.        )
——————————————————————————————————— )

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983.

Plaintiff is an inmate at the Lakeland Correctional Facility.  This lawsuit arises out

of conditions of plaintiff's confinement at the Carson City Correctional Facility.  The

defendant is Corrections Officer Robert Ward.  Plaintiff alleges that defendant

violated his Eighth Amendment rights through deliberate indifference to the risk that

plaintiff would be assaulted by other inmates.  Plaintiff also alleges that defendant

retaliated against him in violation of his First Amendment rights.

The matter is before the Court on defendant's motion for summary judgment.

(ECF No. 24).  Plaintiff has filed his response.  (ECF No. 26).  For the reason set forth

herein, I recommend that defendant's motion for summary judgment be denied.[1]

---

[1] The references to Rules 12(b)(6) and 12(c) of the Federal Rules of Civil Procedure
appearing in defendants' brief (ECF No. 25, PageID.95) are disregarded.  Defendant's

## Applicable Standards

A.    Summary Judgment

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *McKay v. Federspiel*, 823 F.3d 862, 866 (6th Cir. 2016). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Rocheleau v. Elder Living Const., LLC*, 814 F.3d 398, 400 (6th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The Court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *France v. Lucas*, 836 F.3d 612, 624 (6th Cir. 2016).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with

---

motion is one for summary judgment under Rule 56(a) of the Federal Rules of Civil Procedure. (ECF No. 24, PageID.86). Further, defendant's motion relies on evidence outside the outside pleadings. S*ee* FED. R. CIV. P. 12(d). Plaintiff's complaint remains unchanged since the Court conducted initial screening and determined that plaintiff's complaint could not be dismissed for failure to state a claim upon which relief can be granted. (ECF No. 4).

affidavits or other materials "negating" the opponent's claim.  *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005).  Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings.  *See Ellington v. City of E. Cleveland*, 689 F.3d 549, 552 (6th Cir. 2012); *see also Scadden v. Warner*, 677 F. App'x 996, 1001 (6th Cir. 2017).  The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial.  *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012).  "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].' "  *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Brown v. Battle Creek Police Dep't*, 844 F.3d 556, 565 (6th Cir. 2016).

B.    Qualified Immunity

Defendant argues that he is entitled to summary judgment on the basis of qualified immunity.  "Once [an] official[ ] raise[s] the qualified immunity defense, the plaintiff bears the burden to 'demonstrate that the official [is] not entitled to qualified immunity.' "  *LeFever v. Ferguson*, 645 F. App'x  438, 442 (6th Cir. 2016) (quoting

*Silberstein v. City of Dayton*, 440 F.3d 306, 311 (6th Cir. 2006)); *see Hermansen v. Thompson*, 678 F. App'x 321, 325 (6th Cir. 2017).

"A government official sued under section 1983 is entitled to qualified immunity unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Carroll v. Carman*, 135 S. Ct. 348, 350 (2014); *see Taylor v. Barkes*, 135 S. Ct. 2042, 2044 (2015); *Lane v. Franks*, 134 S. Ct. 2369, 2381 (2014). The first prong of qualified immunity analysis is whether the plaintiff has alleged facts showing that defendant's conduct violated a constitutional or statutory right. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001). The second prong is whether the right was "clearly established" at the time of the defendant's alleged misconduct. *Id.* Trial courts are permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

A qualified immunity defense can be asserted at various stages of the litigation, including the summary judgment stage. *See English v. Dyke*, 23 F.3d 1086, 1089 (6th Cir. 1994). The qualified immunity inquiry at the summary judgment stage is distinguished from the Rule 12(b)(6) stage in that generalized notice pleading no longer suffices, and the broader summary judgment record provides the framework within which the actions of each individual defendant must be evaluated. At the summary judgment stage, "the plaintiff must, at a minimum, offer sufficient evidence to create a 'genuine issue of fact,' that is, 'evidence on which a jury could reasonably

find for the plaintiff.' "  *Thompson v. City of Lebanon, Tenn.*, 831 F.3d 366, 370 (6th Cir. 2016); *see Gardner v. Evans*, 811 F.3d 844, 846 (6th Cir. 2016).

In *Brosseau v. Haugen*, the Supreme Court examined the underlying purpose of the requirement that the law be clearly established:

> Qualified immunity shields an officer from suit when she makes a decision that, even if constitutionally deficient, misapprehends the law governing the circumstances she confronted. . . .  Because the focus is on whether the officer had fair notice that her conduct was unlawful, reasonableness is judged against the backdrop of the law at the time of the conduct.  If the law at the time did not clearly establish that the officer's conduct would violate the Constitution, the officer should not be subject to liability or, indeed, even the burdens of litigation.

543 U.S. 194, 198 (2004); *see also Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) ("The dispositive question is whether the violative nature of the particular conduct is clearly established.") (citation and quotation omitted); *City & County of San Francisco, Calif. v. Sheehan*, 135 S. Ct. 1765, 1774 (2015) ("An officer cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in his shoes would have understood that he was violating it, meaning that existing precedent placed the statutory or constitutional question beyond debate.") (citations and quotations omitted).  Qualified immunity is an immunity from suit rather than a mere defense to liability.  *Plumhoff v. Rickard*, 134 S. Ct. 2012, 2019 (2014).

The Supreme Court has repeatedly held that the second prong of the qualified immunity analysis " 'must be undertaken in light of the specific context of the case, not as a broad general proposition.' "  *Brosseau v. Haugen*, 543 U.S. at 198 (quoting

-5-

*Saucier v. Katz*, 533 U.S. at 201); *see White v. Pauly*, 137 S. Ct. 548, 552 (2017). Moreover, courts are "not to define clearly established law at a high level of generality, since doing so avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced." *Plumhoff v. Rickard*, 134 S. Ct. at 2023 (citations and quotations omitted); *see White v. Pauly*, 137 S. Ct. at 552.

"The burden of convincing a court that the law was clearly established 'rests squarely with the plaintiff.' " *Key v. Grayson*, 179 F.3d 996, 1000 (6th Cir. 1999) (quoting *Cope v. Heltsley*, 128 F.3d 452, 459 (6th Cir. 1997)); *see Shreve v. Franklin County, Ohio*, 743 F.3d 126, 134 (6th Cir. 2014); *T. S. v. Doe*, 742 F.3d 632, 635 (6th Cir. 2014). The burden applies to each claim. *See Johnson v. Moseley*, 790 F.3d 649, 653 (6th Cir. 2015).

## Proposed Findings of Fact

The following facts are beyond genuine issue. Plaintiff is an inmate in the custody of the Michigan Department of Corrections (MDOC) at the Lakeland Correctional Facility. In August and September 2015, plaintiff was an inmate at the Carson City Correctional Facility (DRF).[2] (Compl. ¶ 3, ECF No. 1, PageID.7).

---

[2] Plaintiff's complaint is verified under penalty of perjury. (Compl., ECF No. 1 at PageID.7). It is considered as an affidavit in opposition to defendant's motion for summary judgment. *See El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008). "Verified" arguments and legal conclusions are not evidence, however. Legal conclusions, whether asserted in an affidavit or verified complaint, do not suffice to create a genuine issue of material fact for trial. *See Medison Am. Inc. v. Preferred Med. Sys., Inc.*, 357 F. App'x 656, 662 (6th Cir. 2009); *see also Stine v. State Farm Fire & Cas.*

On August 17, 2015, Corrections Officer Robert Ward conducted a shakedown of plaintiff's cell for contraband. He found three handwritten letters of a sexual nature intended for a female staff member. Officer Ward issued a Class I (major misconduct) charge against plaintiff. (ECF No. 25-4, PageID.125, 129-33, Ward Aff. ¶ 2-4, ECF No. 25-5, PageID.135-36). Plaintiff requested and received a hearing on this charge. On August 27, 2015, a hearing officer found plaintiff guilty as charged. The hearing officer offered the following explanation for his findings:

> Sexual misconduct (057) 03.03.105A … words or actions of a sexual nature directed at another person in order to harass or degrade that person. The charge is correct. The prisoner could reasonably expect that these would be found during any shakedown. They consist of 3 letters written to a female staff member. He indicated that he did not want to risk her job but he goes on to tell her how he feels that he burned with passion for her. Life is all about taking chances. While the prisoner does not indicate who the letters refer to it is clear that they are all directed to the same person. Also it is not necessary to determine exactly who they were intended for as all that is required that it be another person. It is clear from reading the three letters he admitted he had written. The prisoner in his letter had proposed an[] illegal and illicit relationship with a staff member.

(ECF No. 25-4, PageID.124). Plaintiff's punishment for the major misconduct conviction was the loss of privileges for ten days. (*Id.*).

Officer Ward states that once the sexual misconduct ticket had been written, plaintiff began writing meritless grievances against Officer Ward and others. (Ward Aff. ¶ 5, ECF No. 25-5, PageID.136).

---

*Co.*, 428 F. App'x 549, 550 (6th Cir. 2011) (A "conclusory affidavit bypasses the specific-facts requirement of Federal Rule of Civil Procedure 56 necessary to forestalling summary judgment.").

Plaintiff's allegations include the following:

On August 18, 2015, Officer Ward began threatening plaintiff with misconducts if he failed to sign off on (abandon) earlier grievances. Plaintiff filed a grievance claiming retaliation. (Compl. ¶¶ 6-8, ECF No. 1, PageID.7-8). On August 21, 2015, Officer Ward slammed a cell door on plaintiff, and plaintiff filed a grievance. (*Id.* at ¶¶ 10, 11, PageID.8). On August 24, 2015, Officer Ward yelled to "gang-bangers"[3] that plaintiff was the reason he kept shaking down their cells and confiscating their property. Officer Ward referred to him as a "rat b**ch" and yelled that if the other inmates wanted their property back, they had to "F**k up, F**kboy Eddins." (*Id.* at ¶¶ 15-17, PageID.8; Shaw Aff. ¶¶ 3, 4, ECF No. 1-1, PageID.14). Plaintiff filed a grievance. (Compl. ¶ 18, ECF No. 1, PageID.9).

On September 6, 2015, every time that Officer Ward made his rounds, he would call plaintiff a "faggott ass rat" and yell out that if other inmates wanted him to stop shaking down their cells, they had "better get the rat off the yard."[4] (Compl. ¶¶ 20-21, PageID.9).

---

[3] Plaintiff testified that he had gang affiliations before he went to prison, but denied having any gang affiliation behind bars. (Plf. Dep. at 36, ECF No. 25-2, Page ID.112). He was only 35 years old as of the date of his deposition. He agreed that it would be fair to place him in the category of prisoners posing a threat to prison staff and other prisoners. (*Id.* at 23-24, 39, PageID.110, 113).

[4] Officer Ward denies making the statements and taking the actions alleged. He states that he never urged anyone to assault or injure plaintiff. (Ward Aff. ¶¶ 6-8, ECF No. 25-5, PageID.136).

On September 8, 2015, at approximately 7:00 p.m., plaintiff was assaulted by six unknown assailants.  Corrections staff did not discover the alleged incident until approximately 2:00 a.m. on September 9, 2015.  Plaintiff had minor injuries to his right upper lip, back of his head and the lower left side of his abdomen. (Compl. ¶ 22, ECF No. 1, PageID.9, Plf. Dep. at 89-91, 107, ECF No. 25-2, PageID.114-15, 117; ECF No. 25-6, PageID.139-41).  There were no witnesses to the alleged assault.  Plaintiff refused to identify any of his alleged assailants.  (Plf. Dep. at 88-89, ECF No. 25-2, PageID.114-15).  He denied that his injuries were self-inflicted or that he paid another prisoner to hit him.  (*Id.* at 102, PageID.116).  Plaintiff was moved into protective custody, and then transferred to another prison.  (*Id.* at 106-07, PageID.117; Ward Aff. ¶ 11, PageID.137).

On May 16, 2016, plaintiff filed this lawsuit.  (ECF No. 1).

## Discussion

## I.    Eighth Amendment

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment."  *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).  "Deliberate indifference is a stringent standard of fault."  *Mangum v. Repp*, 674 F. App'x 531, 537 (6th Cir. 2017) (quoting *Connick v. Thompson*, 563 U.S. 51, 61 (2011)).  " 'To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety.' "  *Woods v. LeCureux*, 110 F.3d 1215, 1222 (6th Cir. 1997) (quoting

*Whitley v. Albers*, 475 U.S. 312, 319 (1986)).  The Eighth Amendment proscribes deliberate indifference by prison officials to an unreasonable risk of injury to prison inmates.  *See Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986).  An Eighth Amendment claim contains objective and subjective components.  *Cardinal v. Metrish*, 564 F.3d 794, 802 (6th Cir. 2009).  First, "the deprivation alleged must be, objectively, 'sufficiently serious.'  For a claim (like the one here) based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm."  *Farmer*, 511 U.S. at 834; *Woods*, 110 F.3d at 1222.

The second requirement for a claim of deliberate indifference to the risk of assault against an inmate by a fellow inmate is that the prison official have a sufficiently culpable state of mind.  In *Farmer v. Brennan*, the Supreme Court held that the subjective element of a claim of deliberate indifference requires at least criminal recklessness.  511 U.S. at 839-40.  "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows and disregards and excessive risk to inmate health or safety; the official must be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  511 U.S. at 837; *see Cardinal v. Metrish*, 564 F.3d at 802; *see also Mangum v. Repp*, 674 F. App'x at 541.  "This burden is not light; even 'an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause

for commendation, cannot ... be condemned as punishment.' " *Shade v. City of Middletown*, 200 F. App'x 566, 569 (6th Cir. 2006) (quoting *Farmer*, 511 U.S. at 838); *see Perez v. Oakland Cty.*, 466 F.3d 416, 424 (6th Cir. 2006). The plaintiff's "burden can be met 'in the usual ways including inference from circumstantial evidence, and a fact finder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.' " *Smith v. Yarrow*, 78 F. App'x 529, 537 (6th Cir. 2003) (quoting *Farmer*, 511 U.S. at 842).

Plaintiff has presented evidence, which if believed, could support a verdict in his favor on both elements of his claim that defendant was deliberately indifferent to the risk that plaintiff would be assaulted on September 8, 2015. Defendant's argument that plaintiff's injuries were *de minimis*, and therefore cannot support an Eighth Amendment claim (Defendant's Brief at 10-11, ECF No. 25, PageID.98-99), is not persuasive. Defendant has not cited any case law from the Sixth Circuit where a court granted summary judgment on a claim of deliberate indifference to the risk of assault because the plaintiff, when assaulted by other prisoners at the encouragement of a prison guard, failed to sustain more serious injuries.

Defendant also argues, without the benefit of any supporting legal authority, that all plaintiff's claims should be dismissed because plaintiff's failure to provide information has prevented defendant from preparing a defense. (Defendants' Brief at 8-9, ECF No. 25, PageID.96-97). Defendant can readily attack plaintiff's credibility based on his refusal to provide information "that would have allowed [d]efendant and

prison officials to interview witnesses and adequately investigate the alleged assault, including whether the attack even happened, whether any statements were made during the attack, whether the attack was related to gang activity involving Eddings (or some other dispute between Eddings and fellow prisoners) or whether the attack was provoked by something that [Officer] Ward said or did." (*Id.* at 8, PageID.96). Plaintiff's conflicting statements regarding his knowledge of the identity of his assailants (*Id.* at 8-9, PageID.96-97) may also provide fertile ground for cross-examination.

Defendant elected not to file a motion to compel after plaintiff's deposition testimony revealed that he knew who his assailants were, but he was refusing to disclose their identities because he feared for his life. (*Id.* at 9, PageID.97) (citing Plf. Dep. at 88-89, ECF No. 25-2, PageID.114). The Court cannot make credibility determinations in the process of deciding a motion for summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 255; *Savage v. Federal Express Corp.*, 856 F.3d 440, 446 (6th Cir. 2017).

## II.    First Amendment

Retaliation based upon a prisoner's exercise of his constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (*en banc*). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in

that conduct; and (3) the adverse action was motivated, in least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394.

Defendant is not entitled to summary judgment on plaintiff's First Amendment claim. Defendant's brief (ECF No. 25) contains no discussion of the elements of a First Amendment retaliation claim and it contains no developed argument explaining how the evidence presented by plaintiff falls short of evidence on which a reasonable trier of fact could find in plaintiff's favor on such a claim.

## III.   Qualified Immunity

Defendant is not entitled to qualified immunity because his qualified immunity arguments (Defendant's Brief at 11-13, ECF No. 25, PageID.99-101) were insufficient to shift the burden to plaintiff. A "defendant bears the initial burden of coming forward with facts to suggest that he acted within the scope of his discretionary authority during the incident in question." *Gardenhire v. Schubert*, 205 F.3d 303, 311 (6th Cir. 2000). Defendant ignores that, for present purposes, the Court must accept as true plaintiff's sworn testimony. Defendant fails to address qualified immunity viewing the facts in the light most favorable to plaintiff.

## <u>Recommended Disposition</u>

For the foregoing reasons, I recommend that defendant's motion for summary judgment (ECF No. 24) be denied.

Dated:  January 17, 2018            /s/  Phillip J. Green
                                    PHILLIP J. GREEN
                                    United States Magistrate Judge

-13-

## NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).